## Whitehall Township v. Stem

*Butz, Hudders, Tallman & Rupp,* for appellant.

*Robert St. Mary* and *Thomas J. Calnan, Jr.,* for appellee.

HENNINGER, P. J., December. 8, 1959.—Defendant was the conductor in charge of a long freight train

which, contrary to an ordinance of Whitehall Township, blocked a street crossing for longer than five minutes; actual time admitted, 30 minutes. He was arrested therefor and under protest paid a fine of $10 and costs of $15.95.

Defendant on September 3, 1958, petitioned the Court of Common Pleas of Lehigh County for an appeal from said penalty, averring that he was helpless in the matter since an air hose, 30 cars from the end of the train, broke, causing the train to stop automatically and to remain immobile until the hose was repaired.

Plaintiff filed preliminary objections: (1) No jurisdiction, in that the appeal should have been to the court of quarter sessions; (2) to strike because there was no allegation that the defense was presented to the squire and because the paragraphs in the petition were not numbered; and (3) by way of demurrer, because no valid defense was set out.

We are growing weary of technical objections to the jurisdiction. See Commonwealth v. Rockowitz, 15 D. & C. 2d 735, and Commonwealth v. Oberholtzer, 28 Lehigh 158. Where both courts have the same personnel, it seems absurd to send litigants out of one court only to return before the same personnel, wearing a different coif.

The petition certainly violates our rule for numbering paragraphs, but we are able to understand defendant's defense and therefore would not strike off the petition merely for that deviation from our rules.

The objection that there is no allegation that the defense now offered was presented before the justice of the peace is more serious. A careful reading of the petition does not reveal a clear-cut statement that the defense was presented. In view of a more fundamental reason for rejecting the appeal, we shall not reject the appeal on that ground.

Defendant's defense is based upon oral evidence, the credibility of which is for the justice who heard it. The break was 30 cars from the end. Had the defective car reached the crossing or had it not? Could the conductor have broken his train sufficiently to clear the crossing while repairs were in progress? Could the railroad by proper inspection have avoided the necessity of having a train stall on the crossing?

It can readily be seen that the problem is not simply one of a situation where through no fault and against the will and power of the railroad officials, the crossing was blocked for 30 minutes.

When we consider the value to users of the highway of the time consumed and equipment halted by reason of the blockade of this busy crossing, the penalty inflicted upon the conductor defendant is negligible indeed.

Since it has not been established as an indisputable fact that the crossing was blocked without fault and beyond possibility of relief and since there is no clear allegation that the defense offered here had been presented before the justice, we are not inclined to grant the appeal.

Now, December 8, 1959, an allocatur is denied at defendant's costs.